IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-201-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTONIO DE JESUS PEREZ-FLORES, | ) | |
| | ) | |
| Defendant. | ) | |

On January 26, 2015, Antonio De Jesus Perez-Flores ("Perez-Flores") pleaded guilty to possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). See [D.E. 27]. On May 12, 2015, the court sentenced Perez-Flores to 42 months' imprisonment and three years of supervised release [D.E. 32, 33]. The supervised release term included a special condition that upon completion his term of supervised release, Perez-Flores must surrender to an immigration official for deportation in accordance with established law. See Judgment [D.E. 32] 4. If ordered deported, Perez-Flores must remain outside the United States. See id. Perez-Flores did not appeal or file a motion under 28 U.S.C. § 2255.

On October 6, 2015, Perez-Flores moved for a sentence reduction and asked the court to modify his 42-month sentence by departing downward 10% based on his status as a deportable alien. See [D.E. 35]. Alternatively, Perez-Flores requested deportation to his country of birth. See id. On May 18, 2017, United States responded in opposition [D.E. 38].

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Here, no exception applies to this general rule. See id. Thus, section 3582 does not provide Perez-Flores relief.

Likewise, the court rejects Perez-Flores's argument that Bureau of Prisons violated his right to due process by not giving him a prerelease hearing due to his status as a deportable alien. See 18 U.S.C. § 3624(c)(1); 28 C.F.R. § 550.55(b)(1). Moreover, Perez-Flores's exclusion from eligibility for halfway house consideration does not violate his constitutional rights. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245–46 (1983); Gallegos-Hernandez v. United States, 688 F.3d 190, 194–96 (5th Cir. 2012) (per curiam).

Perez-Flores also argues that his continued detention at Rivers Correctional Institution amounts to the United States "holding [him] without bail." [D.E. 35] 1. The argument fails. See 18 U.S.C. § 3143.

In sum, Perez-Flores's motion for a reduction of his sentence and request for an evidentiary hearing [D.E. 35] is DENIED.

SO ORDERED. This 30 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge